(35 Misc. Rep. 147.)

GARLAND et al. v. GARLAND et al.

(Supreme Court, Special Term, New York County. May, 1901.)

1. WILLS—VALIDITY—ACCUMULATION OF INCOME.
   Under Gen. Laws, c. 47, § 4, prohibiting accumulations of the income of personal property, a testamentary direction to trustees of a residuary estate that they shall pay a fixed sum to testator's widow for life from the income, adding any surplus to the principal estate, is unlawful.

2. SAME.
   Where a will provides for a payment to testator's widow of a fixed sum for life, the fact that it also provides for an unlawful accumula-

71 N.Y.S.—30

tion of the surplus income does not render the provision for the widow invalid.

**8. SAME—TRUSTS.**

Where a will creates valid separate trusts for the children of testator, to which trusts the entire residuary estate is directed to pass upon the widow's death, their validity is not affected by the fact that the will also provides for an illegal accumulation of income to be paid to the principal of the residuary estate.

Action by Charles T. Garland and Robert B. Dodson and others against Annie Louisa Garland and others to construe a will.   Decree rendered.

Evarts, Choate & Beaman (William V. Rowe, of counsel), for plaintiffs.

Coudert Brothers (Lorenzo Semple, of counsel), for defendant Annie L. Garland.

Eliot Tuckerman, for defendants James A. Garland and Charles T. Garland, individually, and Marie T. Garland.

John S. Sheppard, Jr., for defendant trustees.

Charles N. Harris, for defendant Louise Garland Emmet.

William V. Rowe, for defendant Harvard College.

William T. Emmet, guardian ad litem of infant defendants.

GIEGERICH, J.   This action is brought for the construction of a will.   The testator died in July, 1900, leaving a last will and testament, by which he disposed of a large estate.   Three trust funds are specifically created, each of the amount of $500,000, for each of the testator's three children, the rents and profits in each case to be paid over by the trustees to the respective beneficiaries.   The will further directs the trustees to hold the residue of the estate in trust for the widow for life, and to pay therefrom to her the sum of $12,000 per year, further providing that "should the income from such residue exceed $12,000 per annum the excess shall be added annually to the principal of said residue."   There was also the following further directions:   "Upon the death of my wife, I direct my executors and trustees to divide the said residue of my estate then remaining into three equal parts, and to add one of said parts to each one of the said separate funds of five hundred thousand dollars, established as hereinbefore directed, and to dispose of the same in the manner hereinbefore directed for the disposition of said separate funds."   The residue of the estate remaining after the three trust funds above mentioned were completed has proved to be upward of $1,000,000, consisting of personalty, with the exception of a small amount of real estate in Maine, and the excess of income from such residue, above the $12,000 directed to be paid to the widow, is about $40,000.   It is conceded by all parties that this direction to accumulate the surplus of income is void, as being in contravention of the statute, and the only questions for determination are—First, whether that direction was so intimately connected with the general scheme of disposition, or any particular part thereof, as to nullify the whole or such part; and, second, if there is not such an intimate relation, and the other provisions of the will stand, then to whom shall this excess of income be paid?

The prohibitions against the accumulation of income of personal property are now found in section 4 of the personal property law, chapter 47 of the General Laws (Laws 1897, c. 417), and are very similar to the corresponding prohibition against accumulations of rents of realty which is found in section 51 of the real property law, being chapter 46 of the General Laws (Laws 1896, c. 547). Both these sections are substantial re-enactments of earlier provisions found in the Revised Statutes (1 Rev. St. p. 726, §§ 37, 38, and 1 Rev. St. p. 773, §§ 3, 4, respectively), and consequently the earlier decisions are still applicable to such cases. In Williams v. Williams, 8 N. Y. 525, 538, it was held that the direction for accumulation only is void in such a case as this, and that the legacy itself is not defeated. The doctrine of the foregoing case was reaffirmed in Kilpatrick v. Johnson, 15 N. Y. 322, 324; Manice v. Manice, 43 N. Y. 303, 384; Pray v. Hegeman, 92 N. Y. 508, 519; Barbour v. De Forest, 95 N. Y. 13, 16; Cochrane v. Schell, 140 N. Y. 516, 535, 35 N. E. 971; and Hascall v. King, 162 N. Y. 134, 152, 56 N. E. 515. From these authorities it follows that, although the accumulation cannot be made as the testator desired, nevertheless the trust for the widow and the remainders over to the children are left unaffected, and the only question to be determined is how the excess of income shall be distributed.

The real property law provides (Gen. Laws, c. 46, § 53) as follows:

"Sec. 53. When, in consequence of a valid limitation of an expectant estate, there is a suspension of the power of alienation, or of the ownership, during the continuance of which the rents and profits are undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate."

While this section has never been incorporated into the laws governing personal property, it is, in effect, made a part thereof by the general provision that, "in other respects, limitations of future or contingent interests in personal property are subject to the rules prescribed in relation to future estates in real property." Personal Property Law (Gen. Laws, c. 47, § 2). And in Cook v. Lowry, 95 N. Y. 103, 108, it was held to be settled by the great weight of authority that the sentence last quoted makes applicable to personal property section 53 of the real property law, which was at that time 1 Rev. St. p. 726, § 40.

Who, then, are the "persons entitled to the next eventual estate"? Are they the trustees of the several funds, or are they the respective beneficiaries? The answer to the question is not of very substantial importance, as in either case the money will go at once to the beneficiaries; but in the one case it would go through the hands of the trustees, while in the other case it would go directly. In Manice v. Manice, 43 N. Y. 385, 386, it was decided, under circumstances similar to those now presented, that the trustees should take, and that decision controls in this case. The accumulated income should therefore be divided into three equal parts, and one of such parts be paid to the respective trustees of each of the three funds, who should, in turn, pay over the same, as income, to their respective cestuis que

trustent. The same course should be followed with the surplus hereafter as it from time to time accrues.

Ordered accordingly.